UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>B. JOHNSON, et al.,<br><br>    Defendants. | No.  2:21-cv-0692 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 4. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff has also filed a motion for recusal and a motion to expedite the ruling on his request for recusal. ECF Nos. 5, 7.

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted, and he will be given the opportunity to amend the complaint. Plaintiff's motion for recusal and his motion to expedite the ruling will be denied.

I.      APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  See ECF No. 4.  Accordingly, the request to proceed in forma pauperis will be granted.

////

1  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.  MOTION FOR RECUSAL

Plaintiff has filed a motion asking that the undersigned remove herself from this case. ECF No. 5. In support of the motion, plaintiff states that the assigned judge is biased because in Spence v. Stambaugh, No. 2:14-cv-1170 WBS AC P, the scheduling and subsequent cancellation of a settlement conference in August 2019 led to the loss of property about which plaintiff complains in the instant action. Id.

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (citations omitted)). Judicial rulings alone almost never establish bias or partiality. Liteky v. United States, 510 U.S. 540, 555 (1994).

Plaintiff has not presented facts which would cause a reasonable person to doubt the undersigned's impartiality. Case management matters such as the scheduling of settlement

conferences, like judicial rulings, do not imply bias. Even assuming that the out-to-court status which led to the loss of plaintiff's property was related to proceedings in this court (whether or not plaintiff actually came to court), that fact would not cause a reasonable person to doubt that the undersigned can impartially adjudicate this case.

Moreover, the cancellation of which plaintiff complains was not ordered by the undersigned, but by the assigned settlement judge. Spence v. Stambaugh, No. 2:14-cv-1170 WBS AC P, ECF Nos. 105, 108. The undersigned subsequently issued a Discovery and Scheduling Order, ECF No. 113, after both plaintiff and all defendants asked that the stay pending ADR be lifted. ECF No. 109 (plaintiff's Motion to Begin Discovery, describing stay as "pointless"); ECF Nos. 111, 112 (defendants' statements representing their belief that settlement conference would not be helpful). Nothing in this history suggests bias against a party.

Accordingly, the recusal motion will be denied on the merits and the motion to expedite ruling will be denied as moot. The undersigned now turns to the complaint before the court.

III. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that a plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## IV.  PLAINTIFF'S COMPLAINT

### A.  Facts Alleged

Plaintiff, an inmate currently housed at High Desert State Prison ("HDSP"), names as defendants several employees and officials of North Kern State Prison ("NKSP"): C. Kibler;[1] Correctional Sergeant A. Jimenez; Correctional Counselor B. Johnson; Appeals Coordinator O. Magallanes; Senior Hearing Officer Lieutenant L. Franco; Correctional Officer Eric Garcia; Correctional Officer T. Sisk; and "J. Doe Warden."  Named defendant Appeals Chief H. Moseley appears to be a CDCR official.  ECF No. 1 at 1-4.

The complaint presents four claims, each of which alleges violation of several constitutional rights and all of which stem from NKSP prison officials' loss of some of plaintiff's property in July 2019 while he was out to court.  ECF No. 1 at 4-8.  Plaintiff filed a 602 claiming loss, and eventually settled the claim with defendant Johnson by agreeing to receive inmate donated items to replace his lost property.  Id. at 4-5.  As part of the agreement, plaintiff was required to waive any and all claims to specific property identified, including irreplaceable family photos and legal work.  Id. at 5.

In February 2020, a box of plaintiff's lost items was found, and Johnson unilaterally rescinded the agreement that had settled the claim.  Id. at 4-5.  Johnson asked plaintiff to return the appliances he had received as settlement, but waived return of other replacement items plaintiff had received.  Id.  When plaintiff realized that items were missing from the newly found

---

[1] Kibler is identified as the current Acting Warden of HDSP, ECF No. 1 at 4, but is sued here for his participation in disciplinary proceedings at NKSP , id. at 7-8.

box, he demanded their return and mentioned reinstituting the 602 that had been settled. Johnson became angry and, "under the authority of John or Jane Doe Warden," directed a retaliatory cell search for the items Johnson had said he did not want back. Id. at 5.

Following the encounter with Johnson, plaintiff was threatened by Officer Garcia and strip searched without cause. He was locked out of his cell while it was searched and trashed. Following the search plaintiff was cuffed, charged with possession of an inmate manufactured weapon, and sent to administrative segregation. Id. at 5-7. Plaintiff was found guilty at a rules violation hearing based on the false testimony of officers including Garcia. Defendant Franco ignored evidence and changed testimony, Jimenez and Sisk created a fake cell search receipt, and Magallanes and Kibler denied plaintiff a fair hearing. Id. at 6-8. Defendant Moseley subsequently obstructed plaintiff's appeal. Id. at 8.

As a result of defendants' actions, plaintiff has been placed in administrative segregation and has experienced job loss and loss of access to positive programming. as well as favorable parole consideration. Id. His placement has been increased to Level IV, and he has lost favorable parole consideration. Id.

### B. Relief Sought

Plaintiff seeks compensation for the property that was taken from him. ECF No. 1 at 6. He also seeks either a dismissal of the rules violation report or an impartial rehearing as well as punitive damages and injunctive relief in the form of the correction of his custody level. Id.

## V.  DISCUSSION

### A. Claims for Which a Response Will Be Required

#### 1. Claim One: First Amendment Retaliation

Plaintiff has stated a cognizable retaliation claim against defendant Johnson. Among the rights inmates retain upon incarceration is their First Amendment right to file prison grievances. See Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005). "Retaliation against prisoners for their exercise of this right is itself a constitutional violation, and prohibited as a matter of 'clearly established law'." Brodheim, 584 F.3d at 1269 (citing Rhodes, 408 F.3d at 566; Pratt v. Rowland, 65 F.3d 802, 806 & n.4 (9th Cir.

1995)).  The First Amendment right to be free from retaliation also includes being free from retaliation when a prisoner *threatens* to file a grievance.  Entler v. Gregoire, 872 F.3d 1031, 1042 (9th Cir. 2017) ("[I]t is illogical to conclude that prison officials may punish a prisoner for threatening to sue when it would be unconstitutional to punish a prisoner for actually suing.").

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Plaintiff must show that the defendant was aware of plaintiff's prior protected conduct and that the protected conduct was "the 'substantial' or 'motivating' factor" behind the defendant's alleged misconduct.  Brodheim, 584 F.3d at 1271.

Here, plaintiff alleges that after he told Johnson that he intended to refile the old grievance related to his lost property, Johnson – who had previously opted not to collect the remaining replacement property plaintiff had been given – retaliated by ordering an unwarranted search of his cell.  The timing supports an inference of retaliatory intent.  See Pratt, 65 F.3d at 808  Accordingly, defendant Johnson will be required to respond to this claim.

2.   Claim One:  Fourteenth Amendment Due Process

Plaintiff has also stated a cognizable Fourteenth Amendment claim against defendant Johnson for deprivation of his property without due process.  Prisoners have a protected interest in their personal property.  See Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  When property is authorized to be taken from an inmate, the deprivation is actionable under the Due Process Clause.  See Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).  In such situations, however, the Due Process Clause is only violated if the agency in question prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections.  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011).  Moreover, when the State is able to provide a pre-deprivation hearing before taking property, it generally must do so regardless of the post-deprivation tort remedy to compensate for the taking.  Zinermon

v. Burch, 494 U.S. 113, 132 (1990); Yagman v. Garcetti, 852 F.3d 859, 864 (9th Cir. 2017) (citing Zinermon, 494 U.S. at 127).

Plaintiff has alleged that after his box of lost property was found, defendant Johnson initially asked him to return only some of the items he had received to settle his lost property claim, then demanded the return of all replacement items, then had them seized in an unlawful search—despite the fact that not all of plaintiff's own property had been returned to him. For purposes of screening, and assuming neither a pre-deprivation hearing nor post-deprivation remedy was provided, these allegations state a Fourteenth Amendment due process claim against defendant Johnson. See Albright v. Oliver, 510 U.S. 266, 315 (1994) (stating due process afforded if adequate post-deprivation state remedy is available to provide either the property's prompt return or an equivalent in compensation). Johnson will accordingly be ordered to respond to this claim as well.

### 3. Claim Two: First Amendment Retaliation

Claim Two includes facts that state a cognizable First Amendment retaliation claim against defendant Garcia. Plaintiff alleges that Garcia, who was escorting plaintiff after his interaction with Johnson, berated him, swore at him, and then put his fist in plaintiff's face yelling, "Do something!" In response, plaintiff told Garcia that he "was going to 602 him" for assaulting and threatening him. Garcia then ordered plaintiff, but not any other inmates, to strip. Following the strip search, Garcia said, "I came on you and you didn't do nothing and I made you strip." ECF No. 1 at 5. These allegations adequately support an inference that the strip search was not for a legitimate purpose, but was a retaliatory response to plaintiff's stated intention to file a 602 against Garcia.

Plaintiff further alleges that immediately after this interaction, Garcia joined in trashing his cell. Following the search, Garcia "aggressively" escorted plaintiff out of the building and later wrote a false report and gave false testimony. Id. at 7. For purposes of screening, the court finds that these allegations adequately identify additional adverse actions taken in retaliation for plaintiff's speech. See Rhodes, 408 F.3d at 567-68.

////

For these reasons, the court finds that plaintiff has stated a cognizable First Amendment retaliation claim against defendant Garcia.

### B. Failure to State a Claim

#### 1. Claim One: Fourth and Eighth Amendment Claims

In Claim One, plaintiff also contends that (1) Johnson's taking of his property violated plaintiff's Fourth Amendment rights, and (2) Johnson's recission of the settlement agreement regarding plaintiff's lost property violated plaintiff's Eighth Amendment rights. ECF No. 1 at 4-5. These putative claims cannot proceed.

Plaintiff cannot maintain a Fourth Amendment claim based on the cell search or seizure of his property, because an inmate has no constitutionally protected expectation of privacy in his prison cell. Hudson v. Palmer, 468 U.S. 517, 526 (1984) (Fourth Amendment proscription against unreasonable searches and seizures does not apply within confines of prison cell); see also Demery v. Arpaio, 378 F.3d 1029, 1039 n.8 (9th Cir. 2004); Nakao v. Rushen, 766 F.2d 410, 412 (9th Cir. 1985).

The Eighth Amendment's prohibition of cruel and unusual punishment also does not apply, because the recission of the settlement agreement was not a punishment within the meaning of the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 319 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.").

Claim One is based on alleged violation of plaintiff's rights regarding his personal property, and those are grounded exclusively in the Due Process Clause of the Fourteenth Amendment, as discussed above. No other claim for relief is stated on these facts.

#### 2. Claim Two: Fourth Amendment and Due Process

Claim Two, which has been found to state a First Amendment retaliation claim against Officer Garcia, also summarily asserts (1) an unreasonable search and seizure and (2) violations of due process in the giving of false reports and testimony. ECF No. 1 at 5. Plaintiff cannot maintain a Fourth Amendment claim for the reasons noted above. As for the allegedly false reports and evidence, these do not support a due process claim. Incarcerated persons have no

constitutional right to be free from wrongfully issued disciplinary reports. See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999). False evidence presented similarly fails to support a due process claim. See Freeman v. Rideout, 808 F.2d 949, 951-52 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988). For these reasons, the allegations of Claim Two support only a First Amendment retaliation claim.

### 3. Claim Three: Inadequate Rules Violation Hearing

In Claim Three, plaintiff argues that his right to due process under the Fourteenth Amendment was violated by defendants Franco, Garcia, Sisk, Kibler, and Magallanes when, during his disciplinary hearing, defendant Franco ignored and denied relevant testimony and records, and defendants Garcia and Sisk presented false evidence and testimony, and when on appeal, defendants Kibler and Magallanes upheld plaintiff's finding of guilt. See ECF No. 1 at 7. The allegations fail to state a claim upon which relief may be granted.

Plaintiff does not allege that he was deprived of the procedural protections required under Wolff v. McDonnell, 418 U.S. 539 (1974). Rather, the complaint alleges that the hearing was substantively unfair. Limitations on the evidence that a prisoner may present do not necessarily violate due process; prison officials are afforded discretion to keep hearings within reasonable limits and to refuse to call witnesses that may create risk as well as to limit access to other inmates to collect statements or to compile other documentary evidence. Wolff, 418 U.S. at 566. Although due process does require an unbiased decision-maker, plaintiff's allegations of bias are entirely conclusory and therefore fail to state a claim. See Iqbal, 556 U.S. at 678.

Reliance on false testimony and false or fabricated evidence, which appears to be the gravamen of this claim, cannot support relief as a matter of law. See Buckley, 36 F. Supp. 2d at 1222; Freeman, 808 F.2d at 951-52; see also Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984). This principle applies to the hearing itself and to those directly involved with it, and also to defendant Kibler's upholding of the RVR and to defendant Magallanes's denial of plaintiff's ensuing claims or grievances. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no due process claim based on allegations that reviewer "added things" to appeal to mask errors committed at disciplinary hearing). In sum,

due process is satisfied as long as prison disciplinary charges are supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

For all these reasons, plaintiff has failed to state a claim on which relief may be granted.

### 4. Claim Four: Fourteenth Amendment Denial of Right to Appeal

Claim Four alleges in conclusory fashion that defendant Moseley, the Chief of Appeals, has obstructed plaintiff's right to a fair hearing. There are no facts demonstrating obstruction. Moreover, to the extent plaintiff seeks to hold Moseley responsible for the actions of subordinates who acted on her behalf at the third level of review, ECF No. 1 at 8, no such vicarious liability is available under § 1983. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).[2]

Plaintiff cannot state a claim for relief against any defendant on the theory that his due process rights have been violated by the wrongful handling of his inmate appeals regarding the RVR. The bottom line is that plaintiff has no protected liberty interest in the processing of his appeals, because inmates lack a constitutional entitlement to any specific prison grievance procedure. Ramirez, 334 F.3d at 860; Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

## VI. LEAVE TO AMEND

For the reasons set forth above, the court finds that the following claims fails to support relief and are therefore not suitable to be served:

- Fourth Amendment claim against defendant B. Johnson (Claim One);
- Eighth Amendment claim against defendant B. Johnson (Claim One);
- Fourth Amendment claim against defendant E. Garcia (Claim Two);
- Fourteenth Amendment due process claim against defendant E. Garcia (Claim Two);
- Fourteenth Amendment due process claim against defendants L. Franco, E. Garcia, T. Sisk, B. Kibler, and O. Magallanes (Claim Three);

---

[2] Plaintiff also reprises here his allegations that defendants Magallanes, Kibler, Jimenez and Sisk played a part either in the unwarranted search of his cell or in the processing of and/or delayed review of his disciplinary hearing appeal. ECF No. 1 at 8. Those allegations fail to support any claim for relief for the reasons previously stated.

- Fourteenth Amendment due process claim against defendant H. Moseley (Claim Four); and

- Any claim intended to be raised against defendants T. Sisk, B. Kibler, O. Magallanes, A. Jimenez and/or in Claim Four.

Plaintiff will, however, be given the opportunity to amend the complaint if he wishes.

Plaintiff may proceed forthwith to serve the following defendants on the following claims:

- First Amendment claim against defendant B. Johnson in Claim One;
- Fourteenth Amendment claim against defendant B. Johnson in Claim One; and
- First Amendment claim against defendant E. Garcia in Claim Two.

In the alternative, plaintiff may delay serving these defendants and first amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file one. If plaintiff elects to proceed on his viable claims against defendants without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the claims that the court has herein determined are not cognizable.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If Plaintiff chooses to amend the complaint, he will be given thirty days to file one. If Plaintiff elects to proceed on his viable claims against defendants without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all defendants other than Johnson and Garcia and all claims other than those specified.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold, 637 F.2d at 1355. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See id.; Johnson, 588 F.2d at 743. Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted).

VII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your request to proceed in forma pauperis is granted. You will not be required to pay the entire filing fee immediately.

Your motion for recusal is being denied because the way your previous case was handled does not show bias.

////

You have stated cognizable First Amendment retaliation claims against defendants Johnson and Garcia. You have also stated a cognizable Fourteenth Amendment due process claim against defendant Johnson. All the other claims you have raised in the complaint against all other defendants are not cognizable.

You have a choice to make. You may **either**: (1) proceed immediately on your viable First and Fourteenth Amendment claims against defendants Johnson and Garcia, **or** (2) amend the complaint to try to fix other claims.

If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all defendants other than Johnson and Garcia. If you choose to amend your complaint, the amended complaint must include all the claims you want to make, including those against defendants Johnson and Garcia that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered.**

You must complete the attached notification showing what you want to do and return it to the court. Once the court receives notice, it will issue an order telling you what you need to do next (for example, file an amended complaint or wait for defendants Johnson and Garcia to be served).

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The court has screened the complaint and finds that only the following state claims upon which relief may be granted:

   a. First Amendment retaliation claim against defendant B. Johnson in Claim One;

////

   b. Fourteenth Amendment due process claim against defendant B. Johnson in Claim One; and

   c. First Amendment retaliation claim against defendant E. Garcia in Claim Two.

  4. Plaintiff has the option to proceed immediately on the abovementioned claims or to amend the complaint.

  5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or wants to file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the remaining, non-cognizable claims.

  6. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or wants to file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend the dismissal without prejudice of all defendants other than Johnson and Garcia.

  7. Plaintiff's motion for recusal (ECF No. 5) is DENIED.

  8. Plaintiff's motion to expedite ruling (ECF No. 7) is DENIED as moot.

DATED: March 28, 2022

            */s/ Allison Claire*
            ALLISON CLAIRE
            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>B. JOHNSON, et al.,<br><br>    Defendants. | No.  2:21-cv-0692 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

<u>CHECK ONE</u>:

_____  Plaintiff would like to proceed immediately on his First Amendment retaliation claims against defendants B. Johnson and E. Garcia and his Fourteenth Amendment due process claim against defendant B. Johnson.  Plaintiff understands that by choosing to go forward without amending the complaint, he is voluntarily dismissing all other defendants and the claims against them pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

_____  Plaintiff would like to amend the complaint.

DATED: _____

                                                                                     GERALD SPENCE<br>
                                                                                     Plaintiff Pro Se