UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE, | No. 2:21-cv-0692 AC P |
| Plaintiff, | |
| v. | ORDER |
| B. JOHNSON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Defendants have filed a motion for summary judgment. ECF No. 52. Plaintiff submitted a statement of non-opposition to defendants' motion. ECF No. 55. In addition, several previous motions filed by both parties are also pending. ECF Nos. 40, 42, 43, 51.

The court will address the parties' outstanding motions in this order. In addition, plaintiff will be ordered to inform the court if he would like his statement of non-opposition to defendants' motion for summary judgment to stand.

I.     BACKGROUND

This matter is at the pretrial motion stage of the proceedings. Since January of this year, plaintiff has filed a motion to compel, a request for a stay of these proceedings, and a request for

ruling. ECF Nos. 40, 43, 51, respectively. Defendants have filed a motion for leave to amend their responses to plaintiff's requests for admission. ECF No. 42.

On June 27, 2023, defendants filed a motion for summary judgment. ECF No. 52. Plaintiff failed to file a response to the motion within the twenty-one-day period prescribed in the Local Rules. See L.R. 230(l). As a result, on August 16, 2023, the court ordered plaintiff to show cause why the case should not be dismissed for failure to prosecute. ECF No. 54. The order stated that in the alternative, plaintiff could file either an opposition to defendants' motion for summary judgment or a statement of non-opposition. Id. at 2. Plaintiff was given twenty-one days to comply with the court's order. Id.

On September 5, 2023, plaintiff filed a statement of non-opposition. ECF No. 55. In support of the motion, plaintiff has written: "Discovery is incomplete. Plaintiff is 'out to court'." Id. at 1. No other statement is made by plaintiff in the filing.

II.   DISCUSSION

The content of plaintiff's "Statement of Non-Opposition"[1] does not clearly indicate non-opposition to the granting of defendants' summary judgment motion. Rather, plaintiff may be asserting that he cannot oppose the motion because discovery is incomplete. By this order the court will resolve the motions that predate defendants' summary judgment motion, some of which relate to discovery, and will direct plaintiff to inform the court if he would like for his statement of non-opposition to stand. **Plaintiff is informed that a statement of non-opposition means that he does not dispute any of the undisputed facts presented by defendants in support of their motion, and does not object to the motion being granted.**

    A.   Plaintiff's Motion to Compel Peace Officer Records, Etc.

        1.   Relevant Facts

In plaintiff's motion to compel, he asks for the personnel records of defendant Garcia related to any misconduct on his part; correspondence he received; digital photos; the names and locations of inmates who have filed grievances against defendant Garcia; prison recordings,

---

[1] The document is captioned "Plaintiff's Statement to the Magistrate's Motion for Summary Judgment by Proxy of Non-Opposition." ECF No. 55 at 1.

2

1 transcripts, and memoranda related to investigations about defendant Garcia; prison procedures
2 related to complaints and appeals against prison staff; documents related to defendant Garcia's
3 use of unnecessary force, and the like. ECF No. 40 at 2-13. This list is not exhaustive. See id.
4     Defendants argue that plaintiff's requests are not relevant, that they violate the privacy of
5 defendants and other inmates, and/or that they are overbroad, among other things. ECF No. 41 at
6 3-13. Defendants also contend that they have already provided some of the documents that
7 plaintiff seeks by this motion. See id. at 2-11.

    2. Analysis

9     Plaintiff's viable claims allege violations of his First Amendment rights to file grievances
10 and of his Fourteenth Amendment right to be free from deprivation of property without due
11 process. See generally ECF No. 1 at 4-8 (complaint); ECF No. 8 at 5-8 (screening order). The
12 complaint alleges: (1) that after plaintiff threatened to refile a grievance against defendant Garcia
13 that related to his lost property, defendant Garcia retaliated against plaintiff by ordering that his
14 cell be searched; (2) that defendant Garcia violated his Fourteenth Amendment rights when he
15 had plaintiff's cell searched and all of plaintiff's replacement property seized, despite the fact that
16 all plaintiff's property had not been returned to him; and (3) that defendant Johnson violated his
17 First Amendment right to be free from retaliation when he put his fist in plaintiff's face, and
18 threatened him. Then, after plaintiff threatened to file a grievance against him, defendant Johnson
19 had him strip searched, filed a false report and gave false testimony. ECF No. 1 at 5-7.
20     The purpose of discovery is to "remove surprise from trial preparation so the parties can
21 obtain evidence necessary to evaluate and resolve their dispute." U.S. ex rel. O'Connell v.
22 Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).
23 "Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's
24 claim or defense." Fed. R. Civ. P. 26(b)(1) (italics added).
25     The court finds that the records plaintiff seeks are irrelevant to the claims in these
26 proceedings. None of the documents at issue have probative value as to the questions whether
27 defendants violated plaintiff's First and Fourteenth Amendment rights by retaliating against him
28 for threatening to file grievances or whether defendant Garcia failed to provide plaintiff with due

3

process prior to confiscating all his replacement property. Plaintiff's arguments regarding his need for the materials are unpersuasive. See generally ECF No. 40 at 2-9. Plaintiff's motion to compel will be denied.

### B. Defendants' Request for Leave of Court to Amend Discovery Responses

In February of 2023, defendants filed a request for leave to amend their responses to plaintiff's requests for admissions. ECF No. 42. Defendants state that they need to correct statements that were made in good faith, but that are imprecise or inaccurate. Id. at 2. Defense counsel also avers that plaintiff has encouraged defendants to amend their responses. Id. at 3. Defendants' request will be granted. If, at this point, defendants have not already sent plaintiff their amended responses to plaintiff's requests for admissions, they may do so. Defendants will have seven days to send them to plaintiff.

### C. Plaintiff's Request to Stay

In February of 2023, plaintiff filed a request to stay these proceedings for thirty days. ECF No. 43. Plaintiff made the request because he had been moved to the Sacramento County Jail. As a result, prison officials had his legal materials. Id.

Proceedings are not stayed when an inmate is moved to a different facility. Furthermore, the record indicates that since plaintiff filed the motion, he has been able to continue to track this case and file documents when required, despite his housing change. See, e.g., ECF Nos. 47, 50, 51 (plaintiff's reply to opposition to motion to stay; opposition to motion to modify discovery order, and request for ruling, respectively). Finally, to the extent additional time is needed to file a document, a request for an extension of time to do so is the appropriate step to take. For these reasons, the motion to stay these proceedings will be denied.

### D. Plaintiff's Request for a Ruling

Finally, plaintiff's request for a ruling asks the court to rule on his "renewed Pitchess motion" related to the personnel records of defendant Garcia and a decision on his motion compel. ECF No. 51 at 1-2. Given that the court has addressed plaintiff's motion to compel in this order and given that it has previously denied plaintiff's request for defendant Garcia's personnel records (see ECF No. 39 at 3) (court stating Pitchess motions are for use in state

4

criminal trials, not federal civil rights actions), plaintiff's request for a ruling will be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 40) is DENIED;

2. Defendants' request for leave of court to amend responses to plaintiff's requests for admissions (ECF No. 42) is GRANTED.  If defendants have not already done so, within seven days from the date of this order, defendants shall send plaintiff their amended responses to plaintiff's requests for admissions;

3. Plaintiff's request to stay these proceedings (ECF No. 43) is DENIED;

4. Plaintiff's request for ruling (ECF No. 51) is DENIED as moot,; and

5. Within seven days of the date of this order, plaintiff shall inform the court if he would like his statement of non-opposition, docketed September 5, 2023, to stand.

**Plaintiff's failure to timely respond to this order will result in a recommendation that this matter be dismissed for failure to prosecute.**

**Because plaintiff's response to the question is as simple as "yes" or "no," no extensions of time to file a response will be granted absent exigent circumstances.**

DATED:  September 12, 2023.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE