UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>B. JOHNSON, et al.,<br><br>    Defendants. | No. 2:21-cv-00692-DAD-AC (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE ASSIGNED MAGISTRATE JUDGE'S DECEMBER 19, 2022 AND SEPTEMBER 12, 2023 ORDERS<br><br>(Doc. No. 64) |

    Plaintiff Gerald Spence is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On December 4, 2023, plaintiff filed a request for reconsideration of the assigned magistrate judge's "prior rulings" in this action, though plaintiff did not specify the date or docket number of any particular order.  (Doc. No. 64.)  In his pending request, plaintiff states that "one issue of particular concern" is the magistrate judge's denial of plaintiff's motion to compel discovery responses.  (*Id.* at 2.)  On December 19, 2022, the magistrate judge issued an order denying plaintiff's first motion to compel discovery (Doc. No. 24) as premature.  (Doc. No. 39.)  On September 12, 2023, the magistrate judge denied plaintiff's second motion to compel discovery responses (Doc. No. 40) because "the records plaintiff seeks are irrelevant to the claims

1

in these proceedings." (Doc. No. 56 at 3.)  Therefore, the undersigned will construe plaintiff's filing as a request for reconsideration of the magistrate judge's December 19, 2022 and September 12, 2023 orders, as provided by Local Rule 303(c).[1]  The standard of review for "all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." L.R. 303(f) (citing Fed. R. Civ. P. 72(a)).

      Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c).  The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law.  *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991).  "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014).  "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

      In the pending request, plaintiff does not articulate any basis for reconsideration, nor explain how the magistrate judge's challenged orders are "clearly erroneous or contrary to law." As the magistrate judge explained in the December 19, 2022 order, plaintiff filed the first motion to compel discovery responses on November 16, 2022, but defendants had until December 15, 2022 to respond to plaintiff's discovery requests. (Doc. No. 39 at 2.)  Thus, the magistrate judge

---

[1] On December 12, 2023, defendants filed a response to the pending request, but only for the purpose of refuting plaintiff's assertion in his request for reconsideration that he had not been properly served with defendants' motion for summary judgment and amended discovery responses.  (Doc. No. 65.)

2

did not err in concluding that plaintiff's first motion to compel discovery responses was premature.  As for the September 12, 2023 order, plaintiff vaguely argues that this order was "denied on relevance to the needs of the case based on how the case was manipulated by the magistrate [judge] to fail." (Doc. No. 64 at 2.)  The undersigned has reviewed the extensive discovery requests at issue in light of plaintiff's claims brought in this case, which are based on alleged violations of plaintiff's First and Fourteenth Amendment rights by defendant retaliating against plaintiff for threatening to file inmate grievances and confiscating his property without due process, and finds that the magistrate judge did not err in denying plaintiff's second motion to compel discovery responses based on the conclusion that the records sought by plaintiff were not relevant to his asserted claims.

For these reasons, plaintiff's request for reconsideration of the magistrate judge's orders issued on December 19, 2022 and September 12, 2023 (Doc. No. 64) is denied.

IT IS SO ORDERED.

Dated:   **December 21, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE